IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION

| | |
|---|---|
| PERFECTO NERI, LUIS NERI, And MARIANO PAZ, | ) ) ) |
| Plaintiffs, | ) ) |
| vs. | ) ) Case No. 7:18-cv-0213-TMP |
| ARCHITECTURAL CONCRETE AND DESIGNS, LLC; JEFFCO CONCRETE CONTRACTORS, INC.; and DAVID GLASCOW, | ) ) ) ) ) ) |
| Defendants. | ) |

## MEMORANDUM OPINION and ORDER

The above-styled cause came before the court on the Joint Motion For Entry of Stipulated Order and Consent Judgment (Doc. 35), in which the parties jointly move for approval of a proposed settlement of this Fair Labors Standards Act case pursuant to *Lynn's Food Stores, Inc. v. U.S. ex rel. U.S. Dept. of Labor*, 679 F.2d 1350, 1352 (11th Cir. 1982). The court has carefully considered the joint motion, the proposed Consent Judgment annexed to it, and the declarations of the three plaintiffs indicating their understanding of and agreement with the proposed settlement. The parties have previously consented to the exercise of dispositive jurisdiction by the undersigned magistrate judge pursuant to 28 U.S.C. § 636(c).

The court finds the joint motion for approval of the proposed settlement is due to be GRANTED.

Under the Fair Labor Standards Act ("FLSA"), an overtime or minimum-wage claim can be settled in only two ways: one involving payment of the claimed overtime under the supervision of the Secretary of Labor or, the second, pursuant to "a stipulated judgment entered by a court which has determined that a settlement proposed by an employer and employees ... is a fair and reasonable resolution of a bona fide dispute over FLSA provisions." *Silva v. Miller*, 307 F. App'x 349, 351 (11th Cir. 2009) (quoting *Lynn's Food Stores, Inc. v. U.S. ex rel. U.S. Dept. of Labor*, 679 F.2d 1350, 1352 (11th Cir.1982)). In the instant case, through counsel for all parties, a compromise settlement has been reached, taking into account disagreements about the hours worked and the uncertainty of litigation. Under the settlement, plaintiff Perfecto Neri will be paid the total sum of $8,544.00 in three installment payments. This amount represents a calculation of approximately $208.00 per week of unpaid overtime compensation for 35 weeks. Similarly, plaintiff Luis Neri would be paid a gross sum of $2,500.00, representing approximately $125.00 per week for 11 weeks, and plaintiff Paz would be paid $2,500.00 for overtime at the rate of $125.00 per week for 11 weeks. Plaintiffs counsel would be paid a separate amount of $11,456.00 for fees and reimbursement of litigation expenses. This payment to counsel does not cause any

reduction of the amounts owed to the plaintiffs for unpaid overtime compensation. These are reasonable compromises based upon disputed liability and facts related to the amount of hours worked by the plaintiffs. The plaintiffs have been fully advised of the terms and conditions of the proposed settlement, and are in agreement with it. A consent judgment will be entered to protect the plaintiffs' interest in receiving the installment payments contemplated. The installments call for the plaintiffs to receive full payment by no later than November 30, 2018. There are no other "side deals" of terms and conditions not expressed in the consent judgment itself.

The court finds the proposed settlement, embodied in a consent judgment, to be fair, reasonable, and equitable to the plaintiffs and the defendants. The proposed settlement is APPROVED and a separate consent judgment will be entered.

DONE this 4th day of October, 2018.

_____
T. MICHAEL PUTNAM
UNITED STATES MAGISTRATE JUDGE